1

2

3                          United States District Court
                          Northern District of California

4

5

6    CHRISTINE J. ERICKSON,

7                    Plaintiff,                    Case No.: CV 13-00273-KAW

8           v.                                     ORDER GRANTING DEFENDANT'S
                                                   MOTION TO DISMISS
     UNITED STATES OF AMERICA,
9
                     Defendant.
10

11

12          On January 18, 2013, Plaintiff Christine J. Erickson filed this action against the United

13   States for the refund of a tax she paid that was owed by her ex-husband to remove a lien from her

14   property. (Compl., Dkt. No. 1, ¶9.)

15          On May 16, 2013, the Court held a hearing, and after careful consideration of the parties'

16   arguments, for the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss

17   without leave to amend, because the district court lacks subject matter jurisdiction to hear this suit

18   due to Plaintiff's failure to exhaust her administrative remedies, such that any amendment to the

19   pleadings would be futile.

20                               I.      BACKGROUND

21          On January 18, 2013, Plaintiff filed her Complaint with the Court seeking a refund of

22   $9,970.60 she paid to the IRS in 2011 to satisfy an United States Internal Revenue Service

23   ("IRS") lien that was attached to her real property. (Compl., ¶ 17.)  On October 14, 2010,

24   pursuant to a court order, the deed of real property at 1012 Park Road NW, Washington, D.C.

25   20010 ("the property") was transferred to Plaintiff from her ex-husband, Abdy Dara. (*Id.*, Ex. 1).

26   Thereafter, in December 2010, Plaintiff attempted to sell the property. (*Id.* at ¶ 6).  On January 6,

27   2011, Mr. J. Whetstone Hutton, power of attorney for Plaintiff, discovered a federal tax lien

28   against the property in the name and social security number of Mr. Dara. (*Id.* at ¶ 7).

On January 7, 2011, Plaintiff filed an "Application for Certificate of Discharge of Property from Federal Tax Lien" with the IRS. (*Id.* at ¶ 8; Def.'s Reply, Ex. B.).  On January 21, 2011, Plaintiff paid the federal tax lien in the amounts as follows: unpaid balance of $7,897.67, $2,072.52 in interest, and a penalty of $0.01 for a total payment of $9,970.60. (*Id.* at ¶ 9).

On March 24, 2011, the IRS informed Plaintiff that the tax lien payment was premature and that her only recourse was to petition the court within 120 days from the payment date of January 24, 2011, for a refund of the deposit payment. (*Id.* at ¶ 10; Ex.4).

On May 14, 2011, Plaintiff filed a petition for a refund of $9,970.60 with the United States Tax Court. (*Id.* at ¶ 11). On September 16, 2011, the Tax Court denied Plaintiff's petition for lack of jurisdiction. (*Id.* at ¶ 12).

On January 18, 2013, Plaintiff initiated this action by filing the Complaint for a refund of $9,970.60 plus statutory interest, attorneys' fees, and costs. (*Id.* at ¶ 17).  The Government filed a motion to dismiss on April 11, 2013. (Def.'s Mot. to Dismiss ("Def.'s Mot."), Dkt. No. 8.)

## II.     LEGAL STANDARD

### A.   Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)

When a defendant submits a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing the propriety of the court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As a court of limited jurisdiction, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted).  In the context of this motion, the Government argues, as a factual matter, that Plaintiff failed to exhaust her administrative remedies prior to filing her suit, and, as a result, the Court lacks jurisdiction, because the Government has not waived sovereign immunity.

### B.   Standing for Tax Refund

A plaintiff has standing to bring an action for refund under 28 U.S.C. § 1346(a)(1), even if the tax was not assessed against that individual.  In *United States v. Williams*, the U.S. Supreme

Court found that the broad language in § 1346(a)(1) authorized "a refund suit by a party who, though not assessed a tax, paid the tax under protest to remove a federal tax lien from her property." 514 U.S. 527, 531-32 (1995).

In order to bring a refund suit, 26 U.S.C. § 7422 first requires that all administrative remedies be exhausted prior to filing:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). This claim must be filed with the Secretary of the Internal Revenue Service within two years from the time the tax was paid. 26 U.S.C. § 6511(a). Failure to file a claim for refund within the time limits imposed by § 6511(a) is a complete bar to a suit for refund, because timely filing is a condition of the Government's waiver of sovereign immunity. *See Block v. North Dakota,* 461 U.S. 273, 287 (1983)*; see also Williams*, 514 U.S. at 534 n. 7 (citing *United States v. Dalm,* 494 U.S. 596, 602 (1990)). This is true "regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' [because under] §§ 1346(a)(1), 7422(a), [a lawsuit] may not be maintained in any court." *United States v. Dalm*, 494 U.S. at 602 (citing *United States v. Kales,* 314 U.S. 186, 193 (1941)).

Treasury regulations specify what is required of a taxpayer to file a valid claim for refund or credit of taxes previously paid. *See* 26 C.F.R. § 301.6402–2(b)(1). Although the regulation states that a claim that fails to comply with the requirements will not be considered as a claim for refund, federal courts have long recognized that an informal claim may satisfy the jurisdictional requirements of § 7422(a). *See Kales*, 314 U.S. at 193; *see also Kaffenberger v. United States*, 314 F.3d 944, 954 (8th Cir. 2003).

According to the informal claim doctrine, an informal claim is sufficient to convey jurisdiction on the district court if it is (a) filed within the statutory period, (b) puts the IRS on notice that the taxpayer believes an erroneous tax has been assessed, and (c) describes the tax and

3

year with sufficient particularity to allow the IRS to undertake an investigation. *Schlachte v. United States*, 2008 WL 3977901, at *5 (N.D. Cal. 2008) (citing *PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States*, 234 F.3d 873, 876-77 (5th Cir. 2000)).  The Ninth Circuit has adopted the majority view requiring that some part of the informal claim be in writing. *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir. 1987); *see, e.g., Wrightsman Petroleum Co. v. United States*, 35 F.Supp. 86 (Ct. Cl. 1940); *American Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915 (Ct. Cl. 1963).  "No set rules can be elucidated as to what constitutes an adequate informal claim; rather, each case must be determined based on its own unique set of facts." *New England Elec. Sys. v. United States*, 32 Fed. Cl. 636, 641 (Fed. Cl. 1995); *see also Furst v. U. S.*, 678 F.2d 147, 151 (Ct. Cl. 1982)("The written component must be examined, however, in light of all the facts and circumstances.").

Informal claims are typically recognized only in conjunction with later-filed formal "perfecting" claims. *Comm'r of Internal Revenue v. Ewing*, 439 F.3d 1009, 1015 (9th Cir. 2006) (quoting *Kaffenberger,* 314 F.3d at 955); *see also  Kales*, 314 U.S. at 194.  The failure to file a subsequent formal claim results in a failure to comply with the administrative exhaustion requirement, because otherwise the Government is not afforded a full opportunity to address the problem administratively. *Greene-Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008).

A plaintiff's failure to ultimately file a formal claim deprives the district court of subject matter jurisdiction to hear the lawsuit, and so the suit must be dismissed. *See Schlachte*, 2008 WL 3977901, at *4 (citations omitted); *Martinez v. United States*, 595 F.2d 1147, 1148 (9th Cir. 1979)(per curiam).

### III.    DISCUSSION

The parties agree that Plaintiff did not file a formal claim for tax refund with the IRS prior to filing this lawsuit. (Def.'s Mot., at 4; Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n")., at 5.)  The Government claims that any attempt by Plaintiff to "remedy her failure to exhaust administrative remedies...would be prevented from filing an administrative claim for refund because the statute of limitations to do so has expired under Section 6511(a)." (Def.'s Mot., at 4.)  If, however, Plaintiff successfully filed an informal claim within two years of paying the lien, on or before

4

January 21, 2013, Plaintiff may have tolled the statute of limitations.  If not, then Plaintiff's suit is time-barred.  *See* 26 U.S.C. § 6511(a).

Despite Plaintiff's assertion to the contrary, a suit cannot be maintained if it was filed before the exhaustion of administrative remedies. *See* 26 U.S.C. § 7422(a).

**A.  Whether Plaintiff's actions constituted an informal claim**

At the hearing, Plaintiff proffered that her application for discharge of the lien and her Tax Court petition constituted informal claims, and were sufficient to exhaust her administrative remedies without any further action. (*See also* Pl.'s Opp'n, at 4-5.)

1.   Application for Certificate of Discharge of Lien

Plaintiff's application for discharge does not meet the requirements of the informal claim doctrine. ("Application for Certificate of Discharge of Property from Federal Tax Lien," Def.'s Reply, Ex. B.)  The document merely provided contact information for Mr. Dara and Plaintiff, a description of the property, and the amount of the lien. *Id.*  While it was filed within the statutory period, the application did not include any reason to suggest that the lien was improper, and so "did not fairly apprise the IRS of the basis for [Plaintiff's] claim" nor provide sufficient information for the IRS to undertake an investigation. *Anderson v. United States*, 220 F. App'x 479, 481 (9th Cir. 2007).

2.   Tax Court Petition

On June 15, 2009, Plaintiff filed a petition with the Tax Court requesting "a full refund in the amount of $9970.60 which [Plaintiff] was forced to pay in order to enable the sale of [her] home to prevent foreclosure....The tax lien is not the responsibility of the petitioner, but of her ex-spouse, Abdy Dara." (Pl.'s Opp'n, Ex. 5.)  Section 7422 requires that any administrative claim for refund be filed with the IRS. 26 U.S.C. § 7422(a).  Federal courts have, however, held that petitions with the Tax Court may constitute an informal claim sufficient to put the IRS on notice. *See Greene-Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008).

The informal claim doctrine addresses whether an informal claim for a refund should stop the running of the statute of limitations for a refund claim. *First Sec. Bank of Idaho, N.A. v. Comm'r*, 592 F.2d 1046, 1049 (9th Cir.1979). It is concerned with claims that are "deficient

United States District Court
Northern District of California

5

merely in one or two of the technical requirements imposed by the Treasury regulation [26 C.F.R. § 301.6402–2(b)(1) ]." *BCS Fin. Corp. v. United States,* 118 F.3d 522, 524 (7th Cir.1997); *see also Kaffenberger v. United States,* 314 F.3d 944, 954 (8th Cir.2003) (citations omitted).  Any informal claim must be "followed by a formal claim that remedied any defects in the informal claim." *Comm'r of Internal Revenue v. Ewing*, 439 F.3d 1009, 1015 (9th Cir. 2006) (quoting *Kaffenberger,* 314 F.3d at 955).

It is undisputed that Plaintiff never filed a subsequent formal claim for refund with the IRS.  The Ninth Circuit has found that this failure to file a subsequent formal claim essentially renders the informal claim doctrine inapplicable.  *Ewing*, 439 F.3d at 1015.  Therefore, even if Plaintiff's Tax Court petition constituted an informal claim sufficient to toll the statute of limitations, her failure to file a subsequent "perfecting" claim with the IRS before filing suit divests the Court of jurisdiction to hear this case.

**B.  Whether Plaintiff's Tax Court petition tolled the statute of limitations, such that Plaintiff may still file a formal claim with the IRS.**

If Plaintiff's Tax Court petition is sufficient to constitute an informal claim, Plaintiff's filing may have tolled the applicable statute of limitations period to file a formal claim with the IRS.  For this requirement to have been met, Plaintiff's petition would have had to be "deficient merely in one or two of the technical requirements imposed by the Treasury regulation." *Ewing,* 439 F.3d at 1015 (quotations omitted).

The Court declines to determine whether Plaintiff's Tax Court petition is an informal claim sufficient for tolling the limitations period, as the current suit cannot be maintained without a formal claim having been filed with the IRS prior to the filing of this lawsuit.

**C.  Whether correspondence with the IRS constitutes an informal claim**

At the hearing, Plaintiff claimed that she had exchanged letters with the IRS prior to filing suit, citing *Williams* for the proposition that this was sufficient.  This misstates the facts in *Williams*, wherein the Plaintiff actually filed a formal claim with the IRS, which was denied, thereby exhausting her administrative remedies. *Williams*, 514 U.S. at 530.  These letters, which were not before the Court, while they do not satisfy the exhaustion requirement, because they are

6

not a formal claim, could also potentially serve to toll the statute of limitations period, such that Plaintiff might possibly file a formal perfecting claim with the IRS, even though more than two years have passed since she paid the lien.  Again, the Court declines to determine whether the letters were informal claims sufficient to toll the statute of limitations for filing a formal claim for refund with the IRS.  That issue is not before the Court because no formal claim was filed before Plaintiff brought this action.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's Motion to Dismiss without leave to amend, on the grounds that, pursuant to 26 U.S.C. § 7422(a), any amendment would be futile at this juncture, as Plaintiff failed to exhaust her administrative remedies prior to filing her lawsuit.  As a result, Defendant has not waived sovereign immunity, and the Court does not have subject matter jurisdiction to hear this case.

IT IS SO ORDERED.

Dated: May 24, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

7